IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JIM CAIN and LOUIS CAIN,          ) | |
| ) | |
| Plaintiffs,          ) | Case No. CV04-221-C-EJL |
| ) | |
| vs.          ) | MEMORANDUM ORDER |
| ) | |
| CITY OF LEWISTON,          ) | |
| ) | |
| Defendants.          ) | |
| ) | |

    Pending before the Court in the above-entitled matter is Defendants motion for summary judgment. The motion was filed on March 12, 2005. As of July 13, 2005, no response has been filed by Plaintiffs. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

**Failure to Respond to Motion**

    District Courts may establish local rules of procedure that have the force of law. Fed. R. Civ. P. 83(a)(1). Attorneys practicing in a federal district court are charged with knowledge of the local rules the same as they are charged with knowledge of the Fed. R. Civ. P. Local Rule 7.1 controls when a response must be filed to a motion. Pursuant to D. Idaho L. Civ. R. 7.1(c), the responding party must file its response within twenty-one days after service upon the party of the motion and memorandum by the moving party.[1] The Local Rules provide that failure to respond to a motion may be deemed consent to the granting of the motion. D. Idaho L. Civ. R. 7.1(e).

---

[1] D. Id. L. Civ. R. 7.1(c)(1) provides in part:

The responding party <u>must</u> serve and file a response brief . . . . The responding parties must serve and file with the response brief any affidavits, copies of all photographs, and documentary evidence on which the responding party intends to rely. (Emphasis added.)

However, pursuant to United States v. Real Property Located at Incline Village, 47 F.3d 1511, 1520 (9th Cir. 1995) default summary judgment is not proper unless movant's paper are sufficient to support the motion or on their face the movant's papers reveal no genuine issue of material fact. See also Marshall v. Gates, 44 F.3d 722, 725 (9th Cir. 1995) (summary judgment may not be granted simply because opposing party violated a local rule, if movant did not meet burden of demonstrating absence of genuine issue for trial). Accordingly, the Court will evaluate the motion for summary judgment on the merits.

### Summary Judgment Standard of Review

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The Supreme Court has made it clear that under Rule 56 summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element which is essential to the non-moving party's case and upon which the non-moving party will bear the burden of proof at trial. See Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986). If the non-moving party fails to make such a showing on any essential element, "there can be no `genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.[2]

Moreover, under Rule 56, it is clear that an issue, in order to preclude entry of summary judgment, must be both "material" and "genuine." An issue is "material" if it affects the outcome of the litigation. An issue, before it may be considered "genuine," must be established by "sufficient evidence supporting the claimed factual dispute . . . to require a jury or judge to resolve the parties'

---

[2] See also, Rule 56(e) which provides, in part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

differing versions of the truth at trial." Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975) (quoting First Nat'l Bank v. Cities Serv. Co. Inc., 391 U.S. 253, 289 (1968)).  The Ninth Circuit cases are in accord.  See, e.g., British Motor Car Distrib. v. San Francisco Automotive Indus. Welfare Fund, 882 F.2d 371 (9th Cir. 1989).

> According to the Ninth Circuit, in order to withstand a motion for summary judgment, a party (1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the non-moving party's claim implausible.

Id. at 374 (citation omitted).

Of course, when applying the above standard, the court must view all of the evidence in a light most favorable to the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Hughes v. United States, 953 F.2d 531, 541 (9th Cir. 1992).

**Factual Background**

Plaintiff Lois Cain was employed by the City of Lewiston as an administrative secretary (Office of the Chief of Police) from March, 1998 until October 30, 2001, when she was promoted to records/communications supervisor.  However, on March 6, 2003, Mrs. Cain voluntarily agreed to a demotion from the supervisor position to public safety communications specialist.  On, October 8, 2003, Mrs. Cain left her employment with the City of Lewiston due to, she argues, the stressful and hostile work environment.  As a result, Mrs. Cain and her husband, Jim Cain, filed this action raising claims for violations of § 1983, breach of contract, and loss of consortium.  (Dkt. No. 1).  The complaint in this action was filed in state court and later removed to this Court.  Defendants then filed the instant motion for summary judgment on all claims alleging there are no facts supporting the claims.

**Analysis**

1) <u>Breach of Contract</u>:

The breach of contract claim asserts that the employee handbook creates binding contract terms which the Defendants breached by wrongfully discharging Mrs. Cain without cause. Defendants maintain that the handbook expressly states that the manual is not a contract and that

Mrs. Cain's employment was, at all times, an at-will arrangement; therefore, there was no contract upon which Mrs. Cain can base her claim. Further, Defendants point out that Mrs. Cain was not terminated but had voluntarily agreed to a demotion and ultimately submitted her own resignation. The complaint alleges that the hostile work environment amounted to a constructive discharge. Defendants, however, dispute that Mrs. Cain was constructively discharged.

"Unless an employee is hired pursuant to a contract that specifies the duration of the employment or limits the reasons for which an employee may be discharged, the employment is at the will of either party and the employer may terminate the relationship at any time for any reason without incurring liability." Jenkins v. Boise Cascade Corp., 108 P.3d 380, 387 (Idaho 2005) (citations omitted). "[A]n employment contract is presumed to be at-will unless 'the parties ... agree to a contract term limiting the right of either to terminate the contract at will.'" Id. (citation omitted). "[T]he presumption of an at-will employment relationship can be rebutted when the parties intend that an employee handbook or manual will constitute an element of an employment contract. Whether the presumption is rebutted is normally a question of fact, unless an employee handbook specifically negates any intention on the part of the employer to have it become a part of the employment contract." Id. (citations omitted).

The employee handbook in this case clearly and expressly stated that Ms. Cain's employment was at-will and that it was not a contract. Plaintiffs have failed to negate the presumption of an at-will employment relationship between the parties in this case. Absent the employee handbook as a contract, Plaintiffs have offered no evidence of any other contract applicable in this case upon which Plaintiffs can base their breach of contract claim. Further, Plaintiff has not alleged facts sufficient to support a claim for constructive discharge.[3] Brooks v.

---

[3]"Constructive discharge occurs when the working conditions deteriorate, as a result of discrimination, to the point that they become 'sufficiently extraordinary and egregious to overcome the normal motivation of a competent, diligent, and reasonable employee to remain on the job to earn a livelihood and to serve his or her employer.'" Brooks v. City of San Mateo, 229 F.3d 917, 930 (9th Cir. 2000) (citations omitted); see also EEOC Policy Guide, page 6 supra, at 405:6693 ("[A]n employer is liable for constructive discharge when it imposes intolerable working conditions [which] foreseeably would compel a reasonable employee to quit...."). "[A]n employee need not demonstrate that his employer intended to force him to resign, but merely that his conditions of employment were objectively intolerable." Id. "Summary judgment is therefore appropriate on a constructive discharge claim where the 'decision to resign [was] unreasonable as a matter of law.'" Id. (quoting King v. AC & R Advertising, 65 F.3d 764, 767 (9th Cir. 1995)). The Ninth Circuit has also "held that in order to establish constructive discharge, a plaintiff must at least show some

City of San Mateo, 229 F.3d 917, 930 (9th Cir. 2000). The factual allegations in the complaint do not rise to the level of an "extraordinary and egregious" working environment which were so intolerable that Mrs. Cain was forced to leave her employment. See Id. at 930. Because no contract exists and Mrs. Cain was not terminated, the Court finds summary judgment is proper on this claim.

2)      Section 1983 Claim:

To establish a prima facie case under 42 U.S.C. § 1983, Plaintiffs "must adduce proof of two elements: (1) the action occurred 'under color of law' and (2) the action resulted in a deprivation of a constitutional right or a federal statutory right." Souders v. Lucero, 196 F.3d 1040, 1043 (9th Cir. 1999) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981)). Defendants argue the Plaintiffs have presented no property or liberty interest infringed upon by the Defendants and that the Defendants are otherwise entitled to qualified immunity.

The complaint in this case asserts violations of Mrs. Cain's Fifth and Fourteenth Amendment rights by employees of the City of Lewiston who, she argues, maliciously deprived her of her employment. (Dkt. No. 1). Defendants maintain that Mrs. Cain does not posses either a property or liberty interest in her continued employment because she was an at-will employee. Further, Defendants note that the Plaintiffs have failed to demonstrate any policy, practice, or custom maintained by the City of Lewiston which violated her constitutional rights.

In order to determine whether Plaintiff's due process rights were violated, we must first determine whether Mrs. Cain possessed a constitutionally protected property interest in continued employment. Dyack v. Commonwealth of Northern Mariana Islands, 317 F.3d 1030, 1033 (9th Cir. 2003) (citing Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538 (1985)). "An individual 'has a constitutionally protected property interest in continued employment ... if he has a reasonable expectation or a 'legitimate claim of entitlement' to it, rather than a mere 'unilateral expectation.'" Sonoda v. Cabrera, 255 F.3d 1035, 1040 (9th Cir. 2001) (citation omitted). "'[A] state law which limits the grounds upon which an employee may be discharged, such as conditioning dismissal on a finding of cause,' creates a constitutionally protected property interest. Where, however, a state

---

aggravating factors, such as a continuous pattern of discriminatory treatment." Bergene v. Salt River Project Agr. Imp. and Power Dist., 272 F.3d 1136, 1143 (9th Cir. 2001) (quoting Thomas v. Douglas, 877 F.2d 1428, 1434 (9th Cir. 1989) (internal quotation marks omitted).

employee serves at will, he or she has no reasonable expectation of continued employment, and thus no property right." Dyack, 317 F.3d at 1033 (citations omitted).

There are no facts alleged which demonstrate that Mrs. Cain possessed a legitimate claim of entitlement to her continued employment with the City of Lewiston. As determined above, Mrs. Cain was an at-will employee of the City of Lewiston who voluntarily left her employment. Further, Mrs. Cain has failed to allege facts which support her allegations of constructive discharge. Thus, Plaintiffs have not demonstrated a constitutionally protected right upon which to base their § 1983 action. Therefore, the motion for summary judgment on this claim is granted.

3)   Loss of Consortium:

The final claim in the complaint alleges loss of consortium on behalf of Plaintiff Jim Cain. The complaint states Mr. Cain suffered injury as a result of the Defendants' actions against Mrs. Cain as alleged in the § 1983 cause of action. Defendants note the complaint does not raise a negligence claim and argue that this claim is without basis or foundation because there is no allegation of a tortius action causing an injury to Mrs. Cain.

In Idaho, "the claim for loss of consortium is a wholly derivative cause of action contingent upon a third party's tortious injury to a spouse." C.E. Thompson v. St. Paul Fire & Marine Insur. Co., 702 P.2d 840, 841 (1985) (citation omitted). The claims raised in the complaint alleging injury to Mrs. Cain do not survive summary judgment. Thus, there is no remaining claim upon which Mr. Cain is able to base his claim for loss of consortium. Therefore, summary judgment is also granted as to this claim.

**ORDER**

Being fully advised in the premises, the Court hereby orders that Defendants' motion for summary judgment (Docket No. 12) is **GRANTED**.

DATED: **July 13, 2005**

Honorable Edward J. Lodge
U. S. District Judge